IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. RACHEL KOZICZKOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 4:19-cv-4067 |
| ) | |
| FOREFRONT DERMATOLOGY, S.C. ) | |
| AND BETSY WERNLI, M.D., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Dr. Rachel Koziczkowski ("Dr. Koziczkowski"), by her undersigned counsel, and complaining of the Defendants, Forefront Dermatology, S.C. ("Forefront") and Besty Wernli, M.D. ("Dr. Wernli") (collectively, "the Defendants"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*., as amended ("FMLA"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*., as amended ("IWPCA"). This action stems from Defendants' unlawful interference with Dr. Koziczkowski's attempt to exercise her rights to FMLA leave and their unlawful retaliation against Dr. Koziczkowski in response to her efforts to exercise her rights under the FMLA. The present action also stems from Defendants' failure to pay Dr. Koziczkowski the entirety of the wages and/or final compensation that she was owed by Forefront as well as Defendants' unlawful deductions to wages or final compensation owed Dr. Koziczkowski.

1

2. Plaintiff Dr. Koziczkowski is a resident and citizen of Davenport, Iowa and at all times relevant hereto was employed by Defendant Forefront in Moline, Illinois. From on or about October 1, 2016 until October 5, 2018, Dr. Koziczkowski worked for Defendant as a physician specializing in dermatology at Defendant's Moline, Illinois office located at 615 Valley View Drive, Suite 204, Moline, Illinois 61265.

3. Defendant Forefront Dermatology, S.C. ("Forefront") is a Wisconsin professional service corporation that operates dermatology physician practices in Wisconsin, including a practice in Moline, Illinois.

4. Forefront is an "employer" for the purposes of, and as defined by, the FMLA, 29 U.S.C. § 2601 *et seq.* and the IWPCA, 820 ILCS 115/1 *et seq.*

5. Upon information and belief, Defendant Betsy Wernli, M.D. ("Dr. Wernli") is a resident and citizen of the state of Wisconsin, and at all relevant times served as Defendant Forefront's President.

6. At all times relevant to this action, Dr. Wernli was a person who acted, directly or indirectly, in the interest of Defendant Forefront to Dr. Koziczkowski, and therefore was also an "employer" for the purposes of, and as defined by, the FMLA, 29 U.S.C. § 2601 *et seq.*

7. Dr. Wernli is also an "employer" for the purposes of, and as defined by, the IWPCA because, at all times relevant, she acted directly or indirectly in the interest of Forefront in relation to Dr. Koziczkowski. *See*, 820 ILCS 115/2.

8. Dr. Wernli served as an officer or agent of Forefront and knowingly permitted Forefront to violate the provisions of the IWPCA. *See*, 820 ILCS 115/13.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to the FMLA, 29 U.S.C. § 2601, *et seq.* and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's claims under the IWPCA pursuant to 28 U.S.C. § 1367.

10. The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(2) and (c)(2).

**BACKGROUND**

12. Dr. Koziczkowski began working at Forefront on October 1, 2016 at its clinic located in Moline, Illinois.

13. In November of 2015, Forefront hired Dr. Koziczkowski and executed an employment contract. The employment contract was for an Initial Term of three (3) years, from October 1, 2016 to September 30, 2019. Dr. Koziczkowski's employment contract is attached hereto as **Exhibit 1** ("Employment Contract").

14. The contract specifically provided that any changes or modifications have to be in writing and signed by both parties to the contract.

15. Prior to and at the time of her hire, Dr. Koziczkowski was offered a Sign-On and Retention Bonus, in the amount of Fifty-Thousand Dollars ($50,000.00) ("Sign-On Bonus").

16. Dr. Koziczkowski was specifically informed by Forefront that the Sign-On Bonus was not a cash advance.

17. The Sign-On Bonus materially induced Dr. Koziczkowski to enter into the Employment Contract and she accepted employment with Forefront based on said bonus.

3

18. Dr. Koziczkowski's decision to execute the Employment Contract was predicated on Forefront's obligation to provide Dr. Koziczkowski with the agreed upon compensation.

19. Pursuant to Dr. Koziczkowski's Employment Contract, she was entitled to receive (1) an annual base salary of Three Hundred Thousand Dollars ($300,000.00); (2) the Sign-On Bonus of Fifty Thousand Dollars ($50,000.00); and (3) sixteen (16) days of paid vacation/PTO annually.

20. Dr. Koziczkowski's Employment Contract provided that the Sign-On Bonus was to be paid in installments as follows: "$10,000.00, payable upon completion of Forefront's marketing orientation day as coordinated between Forefront and Physician and, if applicable, Physician's obtaining his or her state medical license as required by this Agreement; and $40,000.00, payable at the time of Physician's first payroll payment after Physician has begun providing services under this Agreement."

21. Upon meeting the aforementioned requirements, Dr. Koziczkowski was initially provided the Sign-On Bonus installment payments as described above in the total amount of Fifty Thousand Dollars ($50,000.00).

22. However, Defendants unilaterally and without authorization from Plaintiff, deducted the Sign-On Bonus and other earned compensation from Dr. Koziczkowski's subsequent paychecks.

23. Dr. Koziczkowski complained about this unilateral deduction and was told by Dr. Wernli that, despite the language of Dr. Koziczkowski's employment contract, the deduction from her paycheck was made because Defendants considered the Sign-On Bonus to be a "cash advance" and subject to Forefront recouping the same at any time.

24. Dr. Wernli refused to reimburse Dr. Koziczkowski the wages unilaterally deducted from her paycheck as requested by Dr. Koziczkowski.

25. Dr. Wernli further made repeated statements to Dr. Koziczkowski that Dr. Wernli had been generous and gone "above and beyond" in granting her FMLA leave for the birth of her child.

26. When Dr. Koziczkowski complained to Dr. Wernli, Dr. Wernli stated Forefront would not pay back the deducted Sign-On Bonus or make any other changes.

27. At the time Forefront unilaterally deducted the Sign-On Bonus from Dr. Koziczkowski's compensation, the Employment Contract had not been terminated in any manner by either party.

28. Dr. Koziczkowski's Employment Contract does not specify the amount of any such "cash advance," any applicable repayment schedule for the alleged "cash advance," or the method of repayment for any alleged "cash advance."

29. Rather, Dr. Koziczkowski's Employment Contract provides that "[t]he Sign-on and Retention Bonus is not fully earned unless Physician remains employed through the completion of the Initial Term, and the Sign-on and Retention Bonus will be considered a cash advance under the applicable law. Accordingly, if this Agreement is terminated prior to the payment of one or more installments for any reason, no unpaid installment will be paid. Further, if this Agreement is terminated prior to the completion of the Initial Term for any reason other than breach by Forefront, then Physician will, within Thirty (30) days of termination, pay to Forefront an amount (the "Unearned Amount") equal to the amount of the Sign-on and Retention Bonus…."

5

30. At the time Defendants made unilateral deductions from Dr. Koziczkowski's wages, Dr. Koziczkowski had performed as required in order to receive the Sign-On Bonus installment payments (and had in fact received them) and was working towards completing the employment contract's Initial Term.

31. The Employment Contract had not been terminated prior to Defendants' unilateral deduction from Dr. Koziczkowski's wages – which is the only event set forth in Dr. Koziczkowski's Employment Contract which would have triggered any obligation of Dr. Koziczkowski to repay the Sign-On Bonus.

32. At the time Forefront unilaterally deducted the Sign-On Bonus from Dr. Koziczkowski's compensation, Dr. Koziczkowski had fully performed all of her obligations under the Employment Contract.

33. At the time Forefront unilaterally deducted the Sign-On Bonus from Dr. Koziczkowski's compensation, Forefront had not provided notice of any kind to Dr. Koziczkowski that she had in any way violated the Employment Contract or failed to perform her obligations stated therein.

34. At the time Forefront unilaterally deducted the Sign-On Bonus from Dr. Koziczkowski's compensation, Dr. Betsy Wernli confirmed that Dr. Koziczkowski had demonstrated strong effort and strong financial performance.

35. Additionally, Defendants unilaterally and without authorization from Plaintiff, deducted amounts each month from Dr. Koziczkowski's wages – which Defendants claimed were deducted to cover Forefront's lease of the office space at its Moline, Illinois office where Dr. Koziczkowski worked.

36. Dr. Koziczkowski never agreed to or authorized deductions for Forefront's lease of the office space at its Moline, Illinois clinic.

37. Dr. Koziczkowski was not a party to the lease agreement Forefront signed and executed for lease of the office space at its Moline, Illinois clinic.

38. Dr. Koziczkowski did not review the lease agreement Forefront signed and executed for lease of the office space at its Moline, Illinois clinic prior to Forefront signing it.

39. Dr. Koziczkowski did not enter into any agreement with Forefront to reduce her compensation or otherwise make deductions from her compensation to pay for the lease agreement Forefront signed for the Moline clinic.

40. Despite her lack of agreement, Forefront reduced her compensation to pay for their own lease agreement and refused to reimburse Dr. Koziczkowski for the deducted amounts after she complained and requested the wages she had earned.

41. On or about August 23, 2018, Dr. Koziczkowski notified Defendants in writing, as required by Section V(1.3) of her Employment Contract, that she considered Defendants' unilateral deductions from her wages without her authorization at the time the deductions were made to have amounted to a material breach or violation of the Employment Contract by Forefront and requested that Forefront cure its breach within a period of fifteen (15) days.

42. Pursuant to Section V(1.3), the Employment Contract was terminated as a result of Forefront's actions set forth herein and its failure to cure its material breach of the contract.

43. Dr. Koziczkowski has never been paid the entirety of the compensation she is owed by Forefront that was not paid at the time of her termination, including but not limited to (1)

7

Case 2:20-cv-00115-NJ    Filed 03/27/19    Page 7 of 18    Document 1

the portion of her Sign-on and Retention Bonus that was recouped by Defendants through their unilateral and unauthorized deduction of the same from her paycheck, (2) the bonuses she earned, (3) the unauthorized deductions she suffered at the hands of Forefront for payment of Forefront's obligations under their own lease agreement and (4) the monetary equivalent of her earned but unused vacation/PTO days.

44. As early as January of 2018, Dr. Koziczkowski notified Forefront of her need for FMLA leave in conjunction with the anticipated birth of a child. Dr. Koziczkowski informed Forefront the leave was expected to be needed beginning in late June 2018.

45. Subsequently, Dr. Koziczkowski learned of a significant pregnancy complication in February 2018 that would require an early delivery in May of 2018.

46. Within a week of discovering the pregnancy complication, Dr. Koziczkowski notified Forefront of her medical condition and the need for her FMLA leave to begin sooner than previously anticipated due to this pregnancy-related complication. She also notified Forefront of the need for Forefront to provide coverage for the Moline, Illinois location during her FMLA leave.

47. At the time of Dr. Koziczkowski's initial request for FMLA leave, she was informed by Forefront that Forefront provides its providers with coverage for their patients while on leave.

48. However, Forefront refused to provide adequate coverage for Dr. Koziczkowski's patients during her FMLA leave. As a result, Dr. Koziczkowski's patients were forced to seek treatment from other dermatologists in the local community and Dr. Koziczkowski was forced to take aggressive measures in order to advocate for her patients during her FMLA leave.

49. Forefront management interfered with coverage by falsely stating to others that Dr. Koziczkowski did not want any coverage for the duration of her FMLA leave.

50. Dr. Koziczkowski's was repeatedly contacted about various issues and concerns regarding the clinic and patients while on FMLA leave.

51. Dr. Koziczkowski was repeatedly required to address clinic and patient concerns while on FMLA leave.

52. Dr. Koziczkowski was repeatedly subjected to negative treatment and statements, by and through Forefront, which pressured her to abandon her FMLA leave entitlements and return to work.

53. As a result of the pressure from Defendants and their refusal to provide adequate coverage for the Moline, Illinois clinic as promised, Dr. Koziczkowski was unable to take the entire twelve (12) weeks of FMLA leave she was entitled to in order to care for and bond with her newborn child. Instead, her FMLA leave was cut short and lasted only about five (5) weeks.

54. Upon her required return from the abbreviated FMLA leave, Dr. Koziczkowski found her clinic in complete disarray as Forefront failed to provide adequate staffing and scheduling necessary to meet the needs of the clinic and Dr. Koziczkowski's patients.

55. When Dr. Koziczkowski complained to Dr. Wernli, Dr. Wernli asserted that Forefront had done nothing wrong and stated that neither she nor anyone else at Forefront would make any changes to remedy her concerns.

56. When Dr. Koziczkowski complained to Dr. Wernli, Dr. Wernli further told Dr. Koziczkowski that she needed to return from FMLA leave with a better attitude.

57. As a result of the intolerable working conditions created by Defendants in retaliation for Dr. Koziczkowski's attempts to exercise her FMLA rights, oppose discriminatory treatment and complain of unlawful wage deductions, Dr. Koziczkowski was forced to submit notice of material breach to Forefront, which terminated the Employment Agreement, and subsequently resign.

## COUNT I
## FMLA INTERFERENCE

58. Dr. Koziczkowski restates and re-alleges Paragraphs 1 through 57 as if fully set forth herein as Paragraph 58 to Count I.

59. Defendants unlawfully interfered with Dr. Koziczkowski's attempt to exercise her rights to FMLA leave in one or more of the following manners in violation of 29 U.S.C. § 2615(a):

   a. Repeatedly contacting and communicating with Dr. Koziczkowski about patients or the Moline clinic while she was absent on her FMLA leave;

   b. Demanding and/or pressuring Dr. Koziczkowski return to work before the expiration of her FMLA leave;

   c. Making Dr. Koziczkowski feel as if she had no choice but to return from FMLA leave early;

   d. Demanding and/or pressuring Dr. Koziczkowski return to work before her health care provider had cleared her to do so;

   e. Refusing and failing to properly manage messages and information from Dr. Koziczkowski's patients as necessary to ensure their proper care during her FMLA leave;

    f.   Refusing to provide adequate coverage for Forefront's Moline, Illinois practice during Dr. Koziczkowski's FMLA leave period;

    g.   Pressuring and forcing Dr. Koziczkowski to forfeit bonding time with her new baby;

    h.   Discouraging Dr. Koziczkowski from utilizing her full FMLA leave by recouping and/or refusing to provide Dr. Koziczkowski with the full amount of her Sign-on Bonus; and

    i.   Pressuring and forcing Dr. Koziczkowski to return to work before the expiration of FMLA leave which worsened her medical condition and ultimately resulted in the need for Dr. Koziczkowski to have a hysterectomy performed.

60. Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FMLA.

61. Defendants treated other employees who did not exercise their rights pursuant to the FMLA more favorably than they treated Dr. Koziczkowski.

62. Prior to ever requesting leave pursuant to the FMLA, Defendants provided Dr. Koziczkowski coverage for her clinic.

63. After requesting leave pursuant to the FMLA and exercising her rights therein, Defendants refused to provide Dr. Koziczkowski coverage for her clinic.

64. After requesting leave pursuant to the FMLA and exercising her rights therein, Defendants made harassing statements to Dr. Koziczkowski about her need for leave and her medical condition.

65. Defendants subjected Dr. Koziczkowski to harassing and retaliatory comments and behavior after she exercised her rights pursuant to the FMLA.

66. Dr. Koziczkowski is entitled to, and seeks recovery of, compensatory damages and liquidated damages, as well as interest on all such amounts at the prevailing rate under 29 U.S.C. 2617(a) in an amount in excess of $75,000.00.

67. Dr. Koziczkowski is entitled to and seeks, in addition to any judgment amount awarded to her, reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

WHEREFORE, Plaintiff Dr. Koziczkowski hereby requests that this Court enter judgment in her favor and against Defendants in an amount in excess of $75,000.00 for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and for such other and further relief as this Court deems just and equitable.

## COUNT II
## FMLA RETALIATION

68. Dr. Koziczkowski restates and re-alleges Paragraphs 1 through 57 as if fully set forth herein as Paragraph 68 to Count II.

69. Defendants engaged in a course of retaliatory conduct against Dr. Koziczkowski following her request for FMLA leave in January 2018 for leave scheduled to take place beginning in June 2018.

70. The retaliatory acts of Defendants include but are not limited to:

   a. Demanding and/or pressuring Dr. Koziczkowski return to work before the expiration of her FMLA leave;

   b. Making Dr. Koziczkowski feel as if she had no choice but to return from FMLA leave early;

12

c. Demanding and/or pressuring Dr. Koziczkowski return to work before her health care provider had cleared her to do so;

d. Refusing to provide adequate coverage for Forefront's Moline, Illinois practice during Dr. Koziczkowski's FMLA leave period;

e. Pressuring and forcing Dr. Koziczkowski to forfeit bonding time with her new baby;

f. Pressuring and forcing Dr. Koziczkowski to return to work before the expiration of FMLA leave which worsened her medical condition and ultimately resulted in the need for Dr. Koziczkowski to have a hysterectomy performed;

g. Breaching Dr. Koziczkowski's employment contract by recouping and/or refusing to provide Dr. Koziczkowski with the full amount of her Sign-on Bonus;

h. Refusing to add another physician to Forefront's Moline, Illinois clinic as it had previously promised;

i. Refusing to hire a Mohs surgeon for Forefront's Moline, Illinois clinic as it had previously promised;

j. Constructively discharging Dr. Koziczkowski by creating working conditions which were intolerable such that Dr. Koziczkowski was forced to resign.

71. Defendants treated other employees who did not exercise their rights pursuant to the FMLA more favorably than they treated Dr. Koziczkowski.

72. Prior to ever requesting leave pursuant to the FMLA, Defendants provided Dr. Koziczkowski coverage for her clinic.

73. After requesting leave pursuant to the FMLA and exercising her rights therein, Defendants refused to provide Dr. Koziczkowski coverage for her clinic.

13

74. After requesting leave pursuant to the FMLA and exercising her rights therein, Defendants made harassing statements to Dr. Koziczkowski about her need for leave and her medical condition.

75. Defendants subjected Dr. Koziczkowski to harassing and retaliatory comments and behavior after she exercised her rights pursuant to the FMLA.

76. One or more of the foregoing acts represents Defendants unlawfully retaliating against Dr. Koziczkowski for attempting to exercise her FMLA rights in violation of 29 U.S.C. § 2615(a).

77. Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by statute.

78. Dr. Koziczkowski is entitled to recover and seeks herein damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that she lost from the date of her constructive discharge through present date, and an additional amount equal to lost employment benefits, including contributions and all other compensatory damages available under the FMLA. She is also entitled to recover interest on these amounts at the prevailing rate.

79. Dr. Koziczkowski is entitled to and seeks to recover liquidated damages equal to the amount of lost wages, salaries, employment benefits and other compensatory damages and interest on that amount, all in an amount in excess of $75,000.00.

80. Dr. Koziczkowski is entitled to and seeks, in addition to any judgment amount awarded to her, reasonable attorneys' fees, reasonable expert witness fees and other costs of the action to be paid by Defendants pursuant to 29 U.S.C. § 2627(a)(3).

WHEREFORE, Plaintiff Dr. Koziczkowski hereby requests that this Court enter judgment in her favor and against Defendants in an amount in excess of $75,000.00 for compensatory and

liquidated damages, plus the costs of the action, and an amount equal to her reasonable attorneys' fees and expert witness fees, and for such other and further relief as this Court deems just and equitable.

## COUNT III
## VIOLATIONS OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

81. Dr. Koziczkowski restates and re-alleges Paragraphs 1 through 57 as if fully set forth herein at Paragraph 81 to Count III.

82. Dr. Koziczkowski's wages included her Sign-On Bonus, her base salary, and certain earned performance production bonuses.

83. Dr. Koziczkowski's final compensation included her Sign-On Bonus, earned bonuses, unauthorized deductions for payments on Forefront's lease agreement that Dr. Koziczkowski was not a party to, as well as the monetary equivalent of her earned vacation time under her employment agreement.

84. Pursuant to the IWPCA, Forefront was required to pay Dr. Koziczkowski all wages earned no later than thirteen (13) days after the end of the pay period in which such wages were earned. Furthermore, Forefront was required to pay Dr. Koziczkowski the entirety of the wages she earned while employed by Forefront at the time of Dr. Koziczkowski's separation from Forefront, and in no case later than the next regularly scheduled payday.

85. Pursuant to Section 300.750 of the IWPCA's regulations, "If a cash advance is to be repaid through payroll deductions, both the employer and the employee must sign an agreement specifying the amount of the advance, the repayment schedule, and the method of repayment."

15

86. Defendants unlawfully deducted varying amounts from Dr. Koziczkowski's pay during the course of her employment, which resulted in a failure by Forefront to pay Dr. Koziczkowski the entirety of her wages earned.

87. The IWPCA, at 820 ILCS 115/5 provides, in part, that "[u]nless otherwise provided in a collective bargaining agreement, whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation."

88. Defendants unlawfully failed to pay Dr. Koziczkowski her earned but unused vacation/PTO time as required by the IWPCA at 820 ILCS 115/5 and Section 300.520 of the IWPCA's regulations.

89. Further, Dr. Koziczkowski's employment contract states, in part, that "[a]ny unused vacation or PTO time will not accumulate from year to year and will be forfeited upon termination of employment." This portion of Plaintiff's Employment Contract providing for the forfeiture of her unused vacation/PTO time upon termination of employment is expressly prohibited by the IWPCA and is unlawful.

90. The IWPCA further provides in pertinent part, at 820 ILCS 115/9, that "deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage

assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made…."

91. Defendants' actions in unilaterally making unauthorized deductions from Plaintiff's wages, purportedly to cover the rent of Forefront's lease of the Moline office where Dr. Koziczkowski worked violated the IWPCA. Dr. Koziczkowski was not a party to the lease agreement.

92. Defendants treated other employees who did not complain of unlawful wage deductions or otherwise exercise their rights pursuant to the IWPCA more favorably than they treated Dr. Koziczkowski.

93. Defendants also refused to pay Dr. Koziczkowski for all her bonuses earned during the course of her employment with Forefront.

94. Prior to exercising her rights pursuant to the IWPCA, Defendants provided Dr. Koziczkowski coverage for her clinic.

95. After complaining of unlawful wage deductions pursuant to the IWPCA and exercising her rights therein, Defendants refused to provide Dr. Koziczkowski coverage for her clinic.

96. After complaining of unlawful wage deductions pursuant to the IWPCA and exercising her rights therein, Defendants made harassing statements to Dr. Koziczkowski about her need for leave and her medical condition.

97. After complaining of unlawful wage deductions pursuant to the IWPCA and exercising her rights therein, Dr. Wernli stated to Dr. Koziczkowski that Forefront was refusing to pay her for any of the wages demanded and further told Dr. Koziczkowski that she needed to return from FMLA leave with a better attitude.

17

98. Defendants subjected Dr. Koziczkowski to harassing and retaliatory comments and behavior after she exercised her rights pursuant to the IWPCA.

99. Defendants' actions as set forth herein are in violation of the Illinois Wage Payment and Collection Act.

100. Such actions constitute a willful and intentional violation of the Illinois Wage Payment and Collection Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and award Plaintiff:

A. Payment of all unpaid wages and final compensation owed to Plaintiff;
B. Liquidated damages, pursuant to 820 ILCS § 115/14(a), of two percent (2%) of the amount of unpaid wages for each month following the date of payment during which such underpayments remained unpaid;
C. Plaintiff's costs and reasonable attorneys' fees in this action; and;
D. All additional relief that the Court deems just and appropriate.

## JURY DEMAND

COMES NOW Plaintiff, Dr. Koziczkowski, by her attorneys, Pappas O'Connor, P.C., and hereby demands trial by jury on all issues so triable in the above-captioned matter.

Dated: March 27, 2019

Respectfully submitted,

Dr. Rachel Koziczkowski

By: /s/ Allison K. Wright
One of the Attorneys for the Plaintiff

Allison K. Wright
Jeffrey D. Wright
PAPPAS O'CONNOR, P.C.
1617 Second Avenue, Suite 300
Rock Island, Illinois 61201
Phone: (309) 788-7110
Fax: (309) 788-2773
Email: awright@pappasoconnor.com
Email: jwright@pappasoconnor.com
ATTORNEYS FOR PLAINTIFF

18